**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1504

TETE B. SMITH,

                  Plaintiff – Appellant,

          v.

BANK OF AMERICA, N.A.,

                  Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:10-cv-00357-RAJ-FBS)

Submitted: August 18, 2011         Decided:  August 22, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tete B. Smith, Appellant Pro Se.  Erin Quinn Ashcroft, Robert W. McFarland, MCGUIREWOODS, LLP, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tete B. Smith sued her former employer, Bank of America, alleging violations of the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 (2006), as well as religious and national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2011). After a three-day trial, the jury found in favor of Bank of America. Smith now appeals, arguing that the testimony of two of the witnesses was false and misleading and that the court erred in admitting evidence that she received a traffic citation.

Smith does not argue that the testimony of the two witnesses was improperly admitted, but rather that it was false and clouded the judgment of the jury. An appellate court must be mindful that "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006) (internal quotation marks and citation omitted). Because we do not review credibility determinations, Smith's claim does not entitle her to relief.

A district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) is reviewed for an abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th

2

Cir. 1997). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted).

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997).

For such evidence to be admissible, it must be "relevant to an issue other than the general character of the defendant," necessary, and reliable. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (citing Queen, 132 F.3d at 997). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Id. We have reviewed the record and find that the evidence relating to Smith's driving ticket was properly admitted as impeachment evidence.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED